UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


ARBEY DE JESUS DUKE MUNOZ,

    Plaintiff,

v.                                                   CASE NO. 8:17-cv-2472-T-26AEP

UNITED STATES OF AMERICA,

    Defendant.
_____/


**O R D E R**

**BEFORE THE COURT** is Plaintiff's timely Motion to Vacate, Set Aside, or Correct Sentence filed, *pro se*, pursuant to 28 U.S.C. 2255[1] and the Government's Response with attachment.[2] After carefully reviewing the submissions and the record of the prior criminal proceedings,[3] as required by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court concludes that the motion is due to be summarily denied.[4]

---

   [1] See docket 1.

   [2] See docket 6.

   [3] See Case No. 8:16-cr-244-T-26AEP.

   [4] There is no need for an evidentiary hearing because it plainly appears from the face of the motion, response, and reply, and the underlying criminal proceedings that Plaintiff is entitled to no relief.

**BACKGROUND**

Plaintiff, along with two other co-defendants, was indicted for and convicted of one count of conspiracy to possess with the intent to distribute five (5) kilograms or more of cocaine, and one count of possession with the intent to distribute same, with the aiding and abetting of his co-defendants, while on board a vessel subject to the jurisdiction of the United States.[5] On May 8, 2016, Plaintiff and his co-defendants began throwing bales of cocaine and marijuana off a go-fast vessel after they noticed a Coast Guard helicopter.[6] Members of the Coast Guard conducted a "right of visit" boarding to determine the flag state of the vessel. There was no flag, registration documents, nor any other indicia of nationality. Plaintiff and his co-defendants claimed Colombian nationality for themselves and the vessel. When Colombia was contacted, they could neither confirm nor deny registration. The Coast Guard obtained a "Statement of No Objection," and the vessel was deemed stateless. Upon boarding, two bales containing cocaine and marijuana were found, but no fishing gear, catch, ice, or bait.[7] Approximately 420 kilograms of contraband located in the debris field in international waters tested positive for cocaine.[8]

---

[5] See docket 1 (indictment) and 51 and 55 (judgment and sentence, original and amended) in Case No. 8:16-cr-244-T-26AEP.

[6] See docket 30 (plea agreement), pages 17-18, in Case No. 8:16-cr-244-T-26AEP.

[7] See docket 30, page 19.

[8] A certification from the U.S. State Department issued in June 2016 confirmed this fact as well as the facts leading up to the determination that the vessel was stateless.

The interdiction occurred about 100 miles south of Panama in the East Pacific Ocean, seaward of any coastal state's twelve nautical mile territorial sea.[9]

Before trial in July 2016, Plaintiff withdrew his plea of not guilty and signed a plea agreement with regard to the conspiracy charge with the understanding that the charge for possession would be dismissed at sentencing, and pleaded guilty in open court.[10] At the plea hearing, Plaintiff admitted he was "fully and completely satisfied with the advice and representation" that Mr. Martinez had given him in the case.[11] He admitted that his counsel went over the indictment and the evidence against him.[12] Plaintiff stipulated that his counsel went over the facts in the plea agreement and understood that the Government could prove his guilt beyond a reasonable doubt.[13]

Plaintiff was sentenced on October 14, 2016, to 120 months of imprisonment, to be followed by supervised release for five years.[14] The guideline range was 108 to 135

---

See docket 25-1 in Case No. 8:16-cr-244-T-26AEP.

[9] See docket 25-1 (certification from U.S. State Department), docket 31, page 3, and docket 60, pages 42-43 in Case No. 8:16-cr-244-T-26AEP.

[10] See docket 30 (plea agreement), docket 32 (clerk's minute entry of 7/22/2016), and docket 60 (transcript of change of plea hearing) in Case No. 8:16-cr-244-T-26AEP.

[11] See docket 60, pages 14, 29, and 33, in Case No. 8:16-cr-244-T-26AEP.

[12] See docket 60, page 32, in Case No. 8:16-cr-244-T-26AEP.

[13] See docket 60, pages 45-46, in Case No. 8:16-cr-244-T-26AEP.

[14] See dockets 51 and 55 in Case No. 8:16-cr-244-T-26AEP.

months, based on a total offense level of 31 and a criminal history category of I.[15] Plaintiff was subject, however, to a minimum mandatory of 120 months.[16] Mr. Martinez had no objection to the sentence.[17]

## STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL

Plaintiff's claims of ineffective assistance of counsel are governed by the two-part standard established in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Eleventh Circuit has explained the test as requiring the petitioner to "show both incompetence and prejudice: (1) he must show that 'counsel's representation fell below an objective standard of reasonableness,' and (2) he must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Kokal v. Sec'y Dep't of Corrs., 623 F.3d 1331, 1344 (11th Cir. 2010) (citing and quoting Strickland, 466 U.S. 687-88, 104 S.Ct. at 2064, 2068). The Court is not required, however, to consider the two bases in any order, and if prejudice against the Plaintiff is determined, then the adequacy of counsel's performance need not be measured. Kokal, 623 FR.3d at 1344-45. In the context of a guilty plea, as in this case, the prejudice factor requires that the plaintiff show by "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and

---

[15] See docket 61, page 10, and docket 52 in Case No. 8:16-cr-244-T-26AEP.

[16] See docket 61, pages 10-11 in Case No. 8:16-cr-244-T-26AEP.

[17] See docket 38 in Case No. 8:16-cr-244-T-26AEP.

would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). Applying these principles, the Court addresses each of Plaintiff's seven grounds for ineffective assistance of counsel in the investigative, plea, and sentencing phases.

**GROUNDS ONE AND SIX**

Both grounds one and six involve allegations that the United States did not have jurisdiction to indict Plaintiff and his co-defendants. In his first ground, Plaintiff asserts that counsel was ineffective for failing to object to the indictment against an individual with no connection to the United States, based on the Coast Guard's interdiction team's illegal boarding of a vessel when no reasonable suspicion existed to believe the vessel's nationality was that of the United States. Ground six alleges ineffective assistance for counsel's failure to file a motion to dismiss for lack of subject matter jurisdiction, because the boarding was unjustified under the Maritime Drug Law Enforcement Act (MDLEA).[18] Specifically, Plaintiff argues that no reasonable suspicion existed to believe the vessel's nationality was that of the United States, and Colombia did not grant or waive permission prior to boarding. As noted by Plaintiff, this Court has an independent obligation to determine subject mater jurisdiction regardless of whether objection was previously made. Cf. Howard v. United States, 374 F.3d 1068, 1071 (11th Cir. 2004) ("[A] jurisdictional defect cannot be waived or procedurally defaulted and . . . a defendant

---

[18] 46 U.S.C. § 70501, *et seq.*

[seeking post-conviction relief] need not show cause and prejudice to justify his failure to raise one.").

There are no jurisdictional deficiencies with the indictment or the conduct of the boarding of the vessel. The Coast Guard treated the vessel as one without nationality because although the defendants claimed Colombian nationality for themselves and their boat, there was no registration on board and the Colombian government was unable to verify the vessel's registration. The operative Coast Guard district granted a Statement of No Objection to enforce United States Law and treat the vessel as stateless. According to the MDLEA, a "vessel subject to the jurisdiction of the United States" includes a "vessel without nationality." 46 U.S.C. § 70502(c)(1)(A). A "vessel without nationality" is defined to include "a vessel aboard which the master or individual in charge makes a claim of registry and for which the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality." 46 U.S.C. § 70502(d)(1)(C). The response of the foreign state "may be made by radio, telephone, or similar oral or electronic means." 46 U.S.C. § 70502(d)(2). All nations may treat stateless vessels "as their own territory and subject them to their laws." United States v. Rendon, 354 F.3d 1320, 1325 (11th Cir. 2003) (internal quotation marks and citation omitted). Thus, the United States was permitted to assert its nationality to the stateless vessel.

Whether a vessel is one without nationality and therefore subject to the jurisdiction of the United States is not an element of an MDLEA offense that the Government must

prove beyond a reasonable doubt. See United States v. Hernandez, 864 F.3d 1292 (11th Cir. 2017), cert. denied, 2018 WL 942705 (U.S. Feb. 20, 2018). Although the Government carries the burden of establishing the statutory requirements for subject matter jurisdiction under the MDLEA, a certification by the Secretary of State or the Secretary's designee concerning a vessel's registry or lack thereof conclusively proves the response of the foreign nation. 46 U.S.C. § 70502(d)(2) ("The response of a foreign nation to a claim of registry . . . is proved conclusively by certification of the Secretary of State or the Secretary's designee."); Hernandez, 864 F.3d at 1300-01 (citing United States v. Brant-Epigmelio, 2010 WL 557283, at *5 n.6 (M.D. Fla. 2010)). The certification was filed before Plaintiff pled and documented the vessel's location in international waters.[19] It also noted that the Coast Guard observed bales of suspected contraband being thrown overboard. After boarding in international waters, the Colombian government could neither confirm nor refute the vessel as one of its own. At his plea, Plaintiff admitted to these jurisdictional facts and stated that his attorney counseled him "all throughout."[20]

The interdiction team was not required to contact the Colombian government prior to boarding to prove the nationality of the vessel. The vessel, flying no flag, was boarded on the high seas after contraband was hoisted overboard and after the captain and crew failed to comply with the directives of the interdiction team. The team conducted a "right

---

[19] See docket 25-1 in Case No. 8:16-cr-244-T-26AEP.

[20] See docket 60, pages 42-48 in Case No. 8:16-cr-244-T-26AEP.

of visit" boarding to determine the flag state. There were no registration papers. The Colombian government could neither confirm nor deny registration, and a Statement of No Objection was granted to enforce United States law over a vessel without nationality. A lawyer cannot be ineffective for failing to raise an argument with no merit. Freeman v. Att'y Gen., Fla., 536 F.3d 1225, 1233 (11th Cir. 2008) (citation omitted). Counsel was not deficient in his performance, nor was Plaintiff prejudiced by counsel's failure to raise jurisdictional claims which have no merit.

## GROUNDS TWO, THREE, AND FOUR

Plaintiff contests his counsel's actions in failing to move to suppress the evidence obtained on the vessel (ground two), to object to the destruction of that evidence when the vessel was intentionally sunk by the interdiction team (ground three), and to object to the excessive delay of 23 days from his initial custody May 8, 2016, to his arrest and arraignment (ground four). All of these grounds are directed to the use of the bales of contraband collected and tested on board the vessel in obtaining his plea.

Plaintiff claims the contraband was seized after the illegal boarding of the vessel. This Court has already explained why the boarding was not illegal in the context of the alleged jurisdictional challenge to his conviction in discussing grounds one and six above. Also in the context of the Fourth Amendment, the boarding of the vessel was not illegal. The Coast Guard had reasonable suspicion to stop and board the vessel because the vessel was located south of Panama with a crew throwing bales of suspected contraband into the

sea. See United States v. Reeh, 780 F.2d 1541, 1544 (11th Cir. 1986) (discussing reasonable suspicion for Fourth Amendment seizure implemented by Coast Guard's proper stop and boarding of foreign vessel in international waters). Plaintiff admitted these facts at his plea hearing. Having abandoned the contraband thrown overboard, Plaintiff has no Fourth Amendment standing to challenge the seizure. See California v. Hodari, 499 U.S. 621, 629, 111 S.Ct. 1547, 1552, 113 L.Ed.2d 690 (1991) (holding that defendant abandoned cocaine while running from officers and therefore was not fruit of seizure); United States v. Tinoco, 304 F.3d 1088, 1117 (11th Cir. 2002) (holding that cocaine thrown into ocean by crew while fleeing from Coast Guard was effectively abandoned and therefore was not fruit of seizure).

Even if boarding the vessel were illegal, Plaintiff acknowledged at the plea hearing that he waived his right to suppress evidence.[21] This admission serves as a waiver of claiming ineffective assistance of counsel. See, e.g., Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992) (entering guilty plea constitutes waiver of ineffective assistance of counsel claim involving preplea issues).[22] Assuming for argument's sake that he had not waived a claim of ineffective assistance of counsel, counsel is not ineffective for failing to assert a meritless argument.

---

[21] See docket 60, pages 33-34, and 40-42 in Case No. 8:16-cr-244-T-26AEP.

[22] See also United States v. Lane, 2017 WL 2634946, at *2 (M.D. Fla. 2017).

The Coast Guard's intentional destruction of the vessel did not violate any of Plaintiff's rights. Hernandez, 864 F.3d at 1305 (holding that accidental destruction of go-fast vessel on day of arrest did not violate defendant's rights because is was not "sufficiently exculpatory"); United States v. Revolorio-Ramo, 468 F.3d 771, 774-75 (11th Cir. 2006) (holding that Coast Guard's destruction of unseaworthy vessel allegedly containing some fishing hooks and bait did not violate defendant's rights because any potentially exculpatory evidence would not have significantly contributed to his defense). Counsel is not ineffective for failing to raise grounds lacking merit.

When an arrest is made outside the United States, the defendant must be taken before a magistrate judge "without unnecessary delay." Fed. R. Crim. P. 5(a).[23] The remedy for undue delay is the suppression of the evidence obtained during the delay, not dismissal of an indictment. United States v. Carruthers, 458 F. App'x 811, 818 (11th Cir. 2012); United States v. Bibb, 194 F. App'x 619, 623 (11th Cir. 2006); United States v. Purvis, 768 F.2d 1237, 1238-39 (11th Cir. 1985). Plaintiff does not identify what, if any, evidence was obtained from the time he was taken into custody on May 8 and the time of his initial appearance on May 31. At least one district court in Florida has held that neither a 13-day delay before presentation of a complaint to a magistrate judge nor a 16-day delay from interdiction to initial appearance, constitutes undue delay and a violation

---

[23] "A person making an arrest outside the United States must take the defendant without unnecessary delay before a magistrate judge, unless a statute provides otherwise." Fed. R. Crim. P. 5(a)(1)(B).

of due process. United States v. Angulo, 2016 WL 4400476, at *6 (S.D. Fla. Jul. 28, 2016) (denying a motion to dismiss based on due process violations of unnecessary delay under Rule 5 where interdiction occurred 290 nautical miles south of Guatemala and defendants were transported to the Southern District of Florida). In any event, counsel's tactical decision not to challenge undue delay was not "so patently unreasonable that no competent attorney would have chosen it." Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983). Thus, counsel's performance was not deficient on any of these three grounds, and Plaintiff was not prejudiced by counsel's actions or omissions.

**GROUND FIVE**

Plaintiff alleges that his counsel failed to challenge his guilty plea as the result of his misunderstanding of the English language and his subjection to "psychological trauma." The trauma arose from the Coast Guard firing on the vessel and from being handcuffed and shackled on Coast Guard cutters and at Guantanamo Bay detention camp where he was "interrogated without legal representation, [which] rendered [him] incapable" of making an informed decision. The plea colloquy and counsel's affidavit refute these allegations.

A translator was present at the plea hearing, and Plaintiff confirmed that he had discussed each and every provision of the signed plea agreement with his counsel.[24] Plaintiff attested that he had no problems understanding and communicating with his

---

[24] See docket 60, pages 3, and 19-21 in Case No. 8:16-cr-244-T-26AEP.

counsel through the interpreter.[25] At the beginning of the plea hearing, Plaintiff agreed to stop the judge if he did not understand a question, was confused, or had a problem with the translation.[26] Near the close of the hearing, Plaintiff confirmed that he "understood each and every one of [the judge's] questions."[27] Plaintiff again agreed that he "fully and completely understood everything that's taken place here, including [the judge's] questions."[28] Plaintiff has not shown that he could prove any "serious derelictions" in his counsel's advice regarding the plea. See Stano v. Dugger, 921 F.2d 1125,1150-51 (11th Cir. 1991) (citation omitted). Plaintiff has shown no prejudice or incompetency in his counsel's performance.

## GROUND SEVEN

Plaintiff alleges ineffective assistance for failing to request a mitigating role reduction in his sentence pursuant to the United States Sentencing Commission Amendment 794. He urges he was due a minor role reduction because he had no proprietary interest in the criminal activity as he was paid only a fixed sum, nor did he have any decision-making authority or knowledge regarding the scope and structure of the

---

[25] See docket 60, pages 14-15 in Case No. 8:16-cr-244-T-26AEP "[Plaintiff:] Before God, I thank God and [Mr. Martinez] that [Mr. Martinez] explained things very well, very well. May God bless him."

[26] See docket 60, pages 7-8 in Case No. 8:16-cr-244-T-26AEP.

[27] See docket 60, page 48 in Case No. 8:16-cr-244-T-26AEP.

[28] See docket 60, page 49 in Case No. 8:16-cr-244-T-26AEP.

conspiracy. The record shows that Plaintiff's offense level of 31 was calculated applying the 2015 Guidelines Manuel as well as the August 1, 2016, supplement.[29]

Amendment 794 is a "clarifying amendment" rather than one that substantively alters the guideline. United States v. Cruickshank, 837 F.3d 1182, 1194 (11th Cir. 2016). Counsel avers that he did not request a minor role reduction because in his opinion Plaintiff was not so entitled.[30] The result would have been the same for Plaintiff as it was for his co-defendant Estupinan, for whom the Court ruled that in light of the analysis in United States v. DeVaron, 175 F.3d 930 (11th Cir. 1999), and "even in light of the amendment to the guideline range, he's not entitled to a minor role."[31] Consequently, counsel's performance was neither deficient nor did counsel's conduct cause prejudice to Plaintiff.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt. 1) is **DENIED**. The Clerk is directed to enter judgment for Defendant, to terminate all deadlines and pending motions, and to CLOSE this case.

---

[29] See docket 38 in Case No. 8:16-cr-244-T-26AEP.

[30] See docket 6-1, page 5.

[31] See docket 61, page 11 in Case No. 8:16-cv-244-T-26AEP.

Additionally, the Court declines to issue a certificate of appealability because Plaintiff has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court permit Plaintiff to proceed to appeal in forma pauperis because such an appeal would not be taken in good faith. See 28 U.S.C. § 1951(a)(3). Instead, Plaintiff will be required to pay the full amount of the appellate filing fee pursuant to §§ 1951(b)(1) and (2).

**DONE AND ORDERED** at Tampa, Florida, on February 23, 2018.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record
Defendant, *pro se*